# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SNOWIZARD, INC.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-1002** |
| **SNOW BALL'S CHANCE, LTD.** | **SECTION: "G"(1)** |

## <u>ORDER</u>

In this litigation, SnoWizard, Inc. ("SnoWizard") seeks a judgment "(1) declaring that SnoWizard, Inc. continues to own a valid and enforceable federally registered trademark in 'CAJUN RED HOT®' and 'WHITE CHOCOLATE & CHIPS®,['] as the court and jury in the consolidated cases previously determined; (2) that Defendant is barred by the doctrine of *res judicata* from attacking the validity of the registered trademarks CAJUN RED HOT® and WHITE CHOCOLATE & CHIPS®; (3) ordering the Trademark Trial and Appeal Board [("TTAB")] to dismiss pending cancellation proceedings nos. 92060914 and 92060915 filed by Defendant; (4) attorneys' fees, costs, expenses, interest and any further relief as the Court deems just or equitable under the circumstances."[1] Pending before the Court is Snow Ball's Chance's "Motion to Dismiss and Strike Under Rule 12"[2] in which it urges the Court to dismiss the "Complaint for Declaratory Judgment of Trademark Validity"[3] filed by SnoWizard. Having reviewed the motion, memorandum in support, memorandum in opposition, the supplemental memoranda, the record, and the applicable law, the Court will grant the motion.

---

[1] Rec. Doc. 1 at p. 18.

[2] Rec. Doc. 8.

[3] Rec. Doc. 1.

# I. Background

On February 20, 2015, Snow Ball's Chance filed two petitions for the cancellation of the trademarks "CAJUN RED HOT" and "WHITE CHOCOLATE & CHIPS" with the United States Patent and Trademark Office's Trademark Trial and Appeal Board.[4] On April 1, 2015, SnoWizard filed a complaint seeking a declaratory judgment in this Court, requesting that the Court declare that it *continues* to own valid and enforceable federally registered trademarks for the snowball flavors "CAJUN RED HOT" and "WHITE CHOCOLATE & CHIPS."[5]

SnoWizard's ownership of valid and enforceable trademarks for these snowball flavors was decided by a jury empaneled by this Court in *Southern Snow Manufacturing Company, Inc. v. SnoWizard Holdings, Inc. et al.*, Case No. 06-9170.[6] In 2006, Southern Snow Manufacturing Co., Inc. ("Southern Snow"), filed a Petition and a Supplementing and Amending Petition, in the 24th Judicial District Court of the Parish of Jefferson, Louisiana, against SnoWizard for violation of the Louisiana Unfair Trade Practices Act and U.S. trademark law.[7] SnoWizard subsequently removed that case to the United States District Court for the Eastern District of Louisiana, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331.[8] Southern Snow, along with other plaintiffs, subsequently filed three amended complaints bringing additional claims, including claims under

---

[4] Rec. Docs. 1-4; 1-5.

[5] Rec. Doc 1 at p. 18.

[6] *S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc. et al,* Case No. 06-9170, Rec. Doc. 665; Rec. Doc. 709-1.

[7] *Id.* at Rec. Doc. 1-1.

[8] *Id.* at Rec. Doc. 1.

Louisiana state trademark law and civil RICO statutes.[9] SnoWizard asserted counterclaims against Southern Snow for infringement and dilution of multiple asserted state and federal trademarks, unfair competition under federal and state law, and patent infringement.[10] After more than six years of litigation, the matter was tried before a jury in this Court beginning on February 19, 2013.[11] Of particular relevance to the instant case, the jury in that matter found that SnoWizard possessed federally registered trademarks for "CAJUN RED HOT" and "WHITE CHOCOLATE & CHIPS," and the Court issued its Judgment on Jury Verdict accordingly.[12] The plaintiffs in that action appealed that judgment to the United States Court of Appeals for the Federal Circuit, and the Federal Circuit subsequently affirmed this Court's verdict concerning SnoWizard's ownership of the trademarks.[13] The plaintiff's petition to the United States Supreme Court for a writ of certiorari was denied.[14]

On February 20, 2015, over a year after this Court issued its final judgment affirming the validity of SnoWizard's trademarks, "CAJUN RED HOT" and "WHITE CHOCOLATE & CHIPS," the entity named Snow Ball's Chance, a snowball vendor that was not a party to the prior litigation,[15]

---

[9] *Id.* at Rec. Docs. 113; 167; 412.

[10] *Id.* at Rec. Docs. 38; 168; 414.

[11] *Id.* at Rec. Doc. 654.

[12] *Id.* at Rec. Docs. 661-3 at 14–20; 665 ("18. IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered in favor of SnoWizard, Inc. . . . declaring that SnoWizard, Inc. owns a valid and enforceable federally registered trademark in CAJUN RED HOT . . . [and] WHITE CHOCOLATE & CHIPS.").

[13] *Id.* at Rec. Doc. 734 at p. 17.

[14] Rec. Doc. 1 at p. 6.

[15] SnoWizard claims that Snow Ball's Chance is in privity with the parties in the prior litigation because Snow Ball Chance's counsel, Mark Andrews, who was also counsel to the parties in the prior suit, is "simply recruiting parties who have no interest whatsoever in the trademarks at issue, or in any of the other issues in the consolidated cases, in order to re-litigate by proxy unsuccessful claims and issues on behalf of Southern Snow and

filed two petitions with the TTAB for the cancellation of SnoWizard's trademarks "CAJUN RED HOT" and "WHITE CHOCOLATE & CHIPS."[16] According to SnoWizard, "in response to [Snow Ball's Chance's] [] petitions for cancellations," it then filed a complaint in this Court requesting that the Court affirm the validity of the trademarks through a declaratory judgment action.[17] The complaint requested judgment in its favor:

> 1) declaring that SnoWizard, Inc. continues to own a valid and enforceable federally registered trademark in "CAJUN RED HOT®" and "WHITE CHOCOLATE & CHIPS®, ["] as the court and jury in the consolidated cases previously determined; 2) that Defendant is barred by the doctrine of *res judicata* from attacking the validity of the registered trademarks CAJUN RED HOT® and WHITE CHOCOLATE & CHIPS®; 3) ordering the Trademark Trial and Appeal Board to dismiss pending cancellation proceedings nos. 92060914 and 92060915 filed by Defendant; 4) attorneys' fees, costs, expenses, interest and any further relief as the Court deems just or equitable under the circumstances.[18]

In response, Snow Ball's Chance filed a motion to dismiss SnoWizard's complaint for declaratory relief.[19] SnoWizard filed its opposition on June 9, 2015.[20] The TTAB has stayed the cancellation proceedings pending the outcome of the instant action.[21]

## II. Parties' Arguments

### A.   *Snow Ball's Chance's Arguments in Favor of Dismissal*

Snow Ball's Chance moves to dismiss this action under Federal Rule of Civil Procedure

---

Snow Ingredients." *Id.* at p. 8.  As will be explained *infra*, the Court need not reach the issue of privity.

[16] Rec. Docs. 1-4; 1-5.

[17] Rec. Doc. 1 at p. 18.

[18] *Id.*

[19] Rec. Doc. 8.

[20] Rec. Doc. 14.

[21] Rec. Doc. 8-1 at p. 1.

12(b)(1) for lack of subject matter jurisdiction as well as under 12(b)(6) for failure to state a claim upon which relief can be granted.[22] Snow Ball's Chance also moves to strike the pages of SnoWizard's complaint that discuss allegations regarding the prior litigation as well as allegations against attorney Andrews under Federal Rule of Civil Procedure 12(f).[23]

Snow Ball's Chance contends that the Court does not have jurisdiction over this case and therefore the claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because neither the Declaratory Judgment Act nor the case law supply a cause of action.[24] Moreover, Snow Ball's Chance asserts that injunctive and declaratory judgment remedies are discretionary and "short-circuiting and preempting a properly instituted federal-agency proceeding by filing a declaratory-judgment action is improper and unfavored."[25] Additionally, Snow Ball's Chance argues that the Court does not have jurisdiction, as alleged by SnoWizard, under 15 U.S.C. § 1071(b) because that statute provides only for an appeal of a final determination by the TTAB.[26] Snow Ball's Chance contends that there has been no final determination in either of the two TTAB cancellation proceedings because those proceedings have been stayed pending the outcome of this case.[27] Therefore, Snow Ball's Chance contends that the proper forum for SnoWizard's claim is not in the District Court, but instead in the TTAB proceedings, where SnoWizard can make the same

---

[22] *Id.* at pp. 7–8.

[23] *Id.* at p. 8.

[24] *Id.* at p. 1.

[25] *Id.* at pp. 4,7.

[26] *Id.* at p. 3.

[27] *Id.*

arguments it has made in the instant action.[28] Snow Ball's Chance contends that, even assuming the Court has jurisdiction to hear the claims and even if a claim had been properly stated against Snow Ball's Chance, the Court could still exercise its discretion under the Declaratory Judgment Act to dismiss the case.[29]

Snow Ball's Chance also argues that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the only allegation against Snow Ball's Chance is "the unsubstantiated assertion that Snow Ball's Chance was 'recruited' 'in order to re-litigate by proxy.'"[30] Snow Ball's Chance contends, however,  that even that allegation was not specifically pled but rather only an implied allegation.[31] Snow Ball's Chance argues that because all of SnoWizard's claims are against entities that are not in privity with Snow Ball's Chance, SnoWizard has failed to state an actionable claim against it.[32]

Finally, Snow Ball's Chance argues that allegations in the complaint regarding the prior litigation and allegations of barratry made against attorney Andrews should be stricken under Federal Rule of Civil Procedure 12(f).[33] Snow Ball's Chance contends that the pages of allegations about the prior litigation are immaterial to this litigation as they pertain to different parties and that the accusations against attorney Andrews are "immaterial, impertinent, and scandalous."[34]

---

[28] *Id.* at pp. 3–4.

[29] *Id.* at p. 4.

[30] *Id.* at p. 4.

[31] *Id.* at pp. 4–5.

[32] *Id* at p. 5.

[33] *Id.* at p. 8.

[34] *Id.*

**B.**     *Plaintiff's Arguments in Opposition*

SnoWizard asserts that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1338(a), which provides for jurisdiction over trademark claims, 15 U.S.C. § 1121(a), which provides for jurisdiction for claims under the Lanham Act, and under the doctrine of ancillary jurisdiction.[35] Additionally, SnoWizard contends that it has stated a claim under the Declaratory Judgment Act, arguing that the case involves a "definite and concrete dispute" because the petitions for cancellation filed before the TTAB leave "no uncertainty" that Snow Ball's Chance seeks to offer the trademarked items in exactly the same manner that the Court found constituted infringement in the Judgment on Jury Verdict.[36] Lastly, SnoWizard argues that the allegations Snow Ball's Chance seeks to strike are questions of fact which "cannot be decided on motion to strike."[37]

SnoWizard contends that 28 U.S.C. § 1338(a) provides for original jurisdiction over civil actions arising under Acts of Congress relating to trademarks and 15 U.S.C. § 1121(a) provides for original jurisdiction over all actions arising under the Lanham Act.[38] SnoWizard contends that the Court has subject matter jurisdiction in this case because it brings a claim pursuant to the Lanham Act and the Lanham Act provides that federal courts have concurrent jurisdiction with the TTAB over issues relating to the registration and cancellation of trademarks. Here, SnoWizard seeks a judgment "declaring the validity and enforceability of the federally registered Marks, declaring SnoWizard's rights to the federal registrations of the Marks, and ordering the TTAB to dismiss

---

[35] Rec. Doc. 14 at p. 3.

[36] *Id.* at pp. 8–9.

[37] *Id*. at p. 15.

[38] *Id.* at p. 3.

Snow Ball's Chance's petitions for cancellation."[39] SnoWizard contends that the Court's Judgment on Jury Verdict is enforceable against Snow Ball's Chance as the "agent or proxy" of Southern Snow and Snow Ingredients.[40] Therefore, it asserts that the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) should be denied.[41]

SnoWizard additionally asserts that the Court has ancillary jurisdiction to interpret and enforce its own prior judgment under the precedent of *Royal Insurance Co. of America v. Quinn-L Capital Corp.*[42] SnoWizard argues that Snow Ball's Chance's petitions for cancellation in the TTAB would "'effectively nullify' the Judgment on Jury Verdict by purporting to reverse this Court's orders therein declaring that SnoWizard's registrations of the Marks are valid and enforceable."[43] Furthermore, it argues that "in the event the TTAB were to grant [Snow Ball's Chance's] petition and cancel SnoWizard's registration of the Marks, and if [Snow Ball's Chance] then were to attempt to use the Marks on or in connection with its snowball flavorings . . . then arguably [Snow Ball's Chance] would be in violation of this Court's Order dated April 24, 2014 in the Consolidated Cases enjoining Southern Snow, Snow Ingredients, '*and those persons in active concert or participation with them*...' from using the Marks."[44]

Next, SnoWizard contests the motion to dismiss under Federal Rule of Civil Procedure

---

[39] *Id.* at p. 4.

[40] *Id.* at p. 13.

[41] *Id.* at p. 2.

[42] 960 F.2d 1286 (5th Cir. 1992).

[43] Rec. Doc. 14 at p. 5.

[44] *Id.* (emphasis in original) (citing *S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc. et al,* Case No. 06-9170, Rec. Doc. 732).

12(b)(6), arguing that it has sufficiently pled a cause of action under the Declaratory Judgment Act by demonstrating that there is a case or controversy.[45] SnoWizard asserts that, like in *Starter Corp. v. Converse*,[46] cited by the Fifth Circuit as an example of a trademark dispute suitable for declaratory judgment, there is "no uncertainty" that Snow Ball's Chance seeks to offer the trademarked items in exactly the same manner the Court found to infringe the marks in the Judgment on Jury Verdict.[47] SnoWizard further contends that the Court should not exercise its discretion under the Declaratory Judgment Act to dismiss this action.[48] It asserts that the Fifth Circuit in *Sherwin-Williams Co. v. Holmes County*[49] identified several factors for courts to consider in deciding whether to exercise their discretion to dismiss and none of those factors are present in this case.[50] SnoWizard argues, *inter alia*, that there is no pending state action, only cancellation proceedings in the TTAB, SnoWizard did not engage in forum shopping, and retaining the lawsuit in this Court would serve the purposes of judicial economy.[51]

Finally, SnoWizard argues that the allegations Snow Ball's Chance seeks to strike are questions of fact which "cannot be decided on motion to strike."[52]

---

[45] *Id.* at pp. 6–9.

[46] 84 F.3d 592 (2d Cir. 1996).

[47] Rec. Doc. 14 at pp. 8–9.

[48] *Id.* at pp. 9–10.

[49] 343 F.3d 383, 388 (5th Cir. 2003).

[50] Rec. Doc. 14 at pp. 9–10.

[51] *Id.* at pp. 10–12.

[52] *Id.* at p. 15.

### C.    Parties' Arguments in Supplemental Memoranda

On September 10, 2015, the Court ordered the parties to provide additional briefing, citing relevant authority, on the following issue: whether, where this is a final judgment on an issue, such as a trademark infringement, the case presents a justiciable issue before the Court where the Declaratory Judgment Act claim is pending, pursuant to the Declaratory Judgment Act and Article III of the United States Constitution.[53]

In its supplemental memorandum, SnoWizard asserts that Snow Ball's Chance has created an actual case or controversy under the Declaratory Judgment Act by filing a cancellation proceeding with the TTAB.[54] SnoWizard cites *Ranir, LLC v. Dentek Oral Care, Inc.*,[55] arguing that the court in that case found a declaratory judgment action seeking a declaration that the defendant is barred by claim preclusion from a future lawsuit to be a case or controversy under the Declaratory Judgment Act.[56] Citing *City of El Paso, Texas v. El Paso Entertainment, Inc.*,[57] SnoWizard also contends that the Fifth Circuit has previously determined that a district court has ancillary jurisdiction "when, as is the case here, the parties seek to determine their respective rights under a prior judgment."[58] Furthermore, SnoWizard contends that "a controversy exists as to whether the defendant is a mere proxy of Southern Snow that would be bound by the previous judgments" and that SnoWizard's defenses of claim preclusion, issue preclusion, and *res judicata* also raise a

---

[53] Rec. Doc. 18.

[54] Rec. Doc. 19 at p. 2.

[55] No. 1:09-cv-1056, 2010 WL 3222513 (W.D. Michigan Aug. 16, 2010).

[56] Rec. Doc. 19 at p. 4.

[57] 382 F. App'x 361 (5th Cir. 2010).

[58] Rec. Doc. 19 at p. 3.

justiciable controversy.[59] SnoWizard also asserts that the case should remain in this Court as a matter of judicial economy, arguing that pursuant to 15 U.S.C. § 1071(b), "a party to a cancellation proceeding who is dissatisfied with the decision of the Trademark Trial and Appeal Board may appeal by filing a civil action in the U.S. district court."[60]

In response to the Court's request for additional briefing, Snow Ball's Chance cites *Goya Foods, Inc. v. Tropicana Products, Inc.*,[61] and asserts that the court in that case found that there was an actual case or controversy because there was a trademark infringement claim in the TTAB proceedings.[62] Snow Ball's Chance asserts that the instant case is distinguishable because Snow Ball's Chance does not bring a claim for infringement.[63] Snow Ball's chance also contends that a registered trademark can become generic and that "earlier proceedings have no preclusive effect against unrelated parties, presenting new theories and evidence of genericness, at a later point in time."[64]

### III. Law and Analysis

A.  *Legal Standard on Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Federal courts have "limited jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."[65] A motion to dismiss for lack of subject matter jurisdiction must be

---

[59] *Id.* at pp. 4–5.

[60] *Id.* at p. 6.

[61] 846 F.2d 848 (2d Cir. 1988).

[62] Rec. Doc. 20 at p. 1.

[63] *Id.*

[64] *Id.* at p. 2.

[65] *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

granted if the court lacks statutory authority at any time to hear and decide the dispute.[66] In fact, "[i]t is well-settled that subject matter jurisdiction can be raised at any time or even *sua sponte* by the court."[67] The party that invokes the court's jurisdiction bears the burden to allege with sufficient particularity the facts creating jurisdiction and to support the allegation if challenged.[68] Thus, "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[69]

## B.    *Declaratory Judgment Act*

SnoWizard seeks a declaratory judgment declaring that (1) "SnoWizard, Inc. continues to own a valid and enforceable federally registered trademark in 'CAJUN RED HOT®' and 'WHITE CHOCOLATE & CHIPS®' as the Court and jury in the consolidated cases previously determined;" (2) Snow Ball's Chance is barred by the doctrine of *res judicata* from attacking the validity of the trademarks; and (3) ordering the TTAB to dismiss the pending cancellation proceedings nos. 92060914 and 92060915.[70] The Court previously issued a final judgment declaring the trademarks "CAJUN RED HOT" and "WHITE CHOCOLATE & CHIPS" to be valid and enforceable.[71]

---

[66] FED. R. CIV. P. 12(h)(3).

[67] *Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996) (citing *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987), *cert denied*, 485 U.S. 1006 (1988)); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

[68] *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039, 1052 (5th Cir. 1982) (citing *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938)).

[69] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)).

[70] Rec. Doc. 1 at p. 18.

[71] *S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc. et al*, Case No. 06-9170, Rec. Doc. 665; Rec. Doc. 709-1.

SnoWizard now seeks a second judgment declaring their validity and enforceability.[72]

      The Declaratory Judgment Act, codified at 28 U.S.C. § 2201, provides:

      (a) In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.[73]

In evaluating whether to decide or dismiss a declaratory judgment action, a federal district court must determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."[74]

### 1.      Whether the Declaratory Judgment Action is Justiciable

      The Supreme Court has held that the Declaratory Judgment Act's requirement of an actual case or controversy derives not only from the statutory language itself, but also from Article III of the Constitution, which confines the federal courts to adjudicating actual cases and controversies.[75] In order to be justiciable, the controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests," and it must be a "real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."[76] In order to be

---

[72] Rec. Doc. 1 at p. 18.

[73] 28 U.S.C. § 2201.

[74] *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003).

[75] U.S. CONST. art. III; *Aetna Life Ins. Co. of Hartford, Conn., v. Haworth*, 300 U.S. 227, 239–40 (1937).

[76] *Aetna Life Ins. Co. of Hartford, Conn.*, 300 U.S. at 240–41.

justiciable, there must be some "useful purpose to be achieved" in deciding the issue.[77]

There is not a great deal of authority on the issue of justiciability in a declaratory judgment action where the declaratory judgment sought concerns the validity of a former judgment. One case that discusses this issue is the Fifth Circuit decision in *Board of Commissioners for Buras Levee District v. Cockrell*.[78] In *Cockrell*, the plaintiff sought a declaratory judgment declaring that a former judgment was a "complete and conclusive bar" to any claim by the defendant of title to or interest in any portion of certain lands.[79] On appeal, the Fifth Circuit stated that it "greatly doubt[ed] whether [the case presented] an 'actual controversy,'" because "[t]here seem[ed] to be [] only a difference of opinion as to the scope of [the] former decree . . . " (which presumably would not be a justiciable issue).[80] However, because neither party challenged the district court's finding "that there [was] an actual controversy, and since relief might have been had by a bill to quiet title," the Fifth Circuit reviewed the merits of the appeal.[81]

Here, SnoWizard does not even appear to be asking the Court to decide the scope of a prior judgment, but rather to reaffirm its own prior judgment. Therefore, it appears even clearer here than in *Cockrell*, that there is no live, real case or controversy to be litigated before this Court and no "useful purpose to be achieved" in declaring once again that "CAJUN RED HOT" and "WHITE

---

[77] *Pub. Serv. Comm'n of Utah v. Wycoff Co. Inc.*, 344 U.S. 237, 244 (1952).

[78] 91 F.2d 412 (5th Cir. 1937).

[79] *Id.* at 413.

[80] *Id.* at 413–14.

[81] *Id.* at 414.

CHOCOLATE & CHIPS" are valid and enforceable federally registered trademarks.[82] Like in *Cockrell*, however, SnoWizard asks the Court to apply the judgment to a third party, which it asserts is in privity with the parties to the prior suit. SnoWizard asks this Court to declare that Snow Ball's Chance is barred by the doctrine of *res judicata* from attacking the validity of SnoWizard's trademarks in "CAJUN RED HOT" and "WHITE CHOCOLATE & CHIPS." As the Fifth Circuit expressed, although in dicta, in *Cockrell*, such a request does not constitute an actual case or controversy.[83]

SnoWizard argues that there is a justiciable controversy because it has a *res judicata* defense in the TTAB proceedings based upon a final judgment of this Court.[84] In support, SnoWizard cites an unpublished district court case from the Western District of Michigan, *Ranir, LLC v. Dentek Oral Care*.[85] In *Ranir, LLC*, the defendant had previously filed a lawsuit against the plaintiff's predecessor for false advertising, unfair competition, and injurious falsehood under state law, which was dismissed with prejudice for failure to prosecute.[86] After receiving notice that the defendant intended to file a new complaint against plaintiff for false advertising, the plaintiff filed suit seeking a declaratory judgment that defendant was barred by *res judicata* and/or collateral estoppel from

---

[82] Citing *Starter Corporation v. Converse*, 84 F.3d 592 (2d Cir. 1996), SnoWizard argues that there is an actual case or controversy because there is "no uncertainty" that Snow Ball's Chance seeks to offer "CAJUN RED HOT" and "WHITE CHOCOLATE & CHIPS" snowball flavors. Rec. Doc. 14 at p. 8. SnoWizard has failed to show, however, how this fact creates a case or controversy under the Declaratory Judgment Act for this Court to declare the validity of its prior judgment.

[83] *Cockrell*, 91 F.2d at 413– 14.

[84] Rec. Doc. 19 at pp. 4–5.

[85] *Id.* at p. 4.

[86] No. 1:09-cv-1056, 2010 WL 3222513, at *1 (W.D. Michigan Aug. 16, 2010).

litigating those claims.[87] The court did not address whether the case was justiciable, and found that plaintiff had stated a plausible claim for claim preclusion.[88]

The Court does not find this case persuasive. The court's discussion in *Ranir, LLC* was focused on whether the plaintiff had stated claims for issue and claim preclusion. It does not appear that the issue of justiciability was even raised. Furthermore, this case is not analogous because SnoWizard is asking this Court, based on its prior judgment, to enjoin the proceedings before the TTAB, where different issues are being raised.

SnoWizard additionally claims, in its complaint, that Snow Ball's Chance's filing of petitions for cancellation in the TTAB created an actual case or controversy entitling SnoWizard to seek a declaration of its rights.[89] The mere filing of a claim before the TTAB does not automatically create a case or controversy that can be adjudicated in a district court. In *Red Lobster Inns of America, Inc. v. New England Oyster House, Inc.*,[90] the Fifth Circuit upheld the trial court's finding that there was no actual controversy, as required by the Declaratory Judgment Act.[91] In that case, the plaintiff sought declaratory judgment, *inter alia*, that its trademark was valid and ordering dismissal of the proceedings before the Patent and Trademark Office, in which the defendant opposed registration of the plaintiff's Red Lobster mark.[92] Finding that the plaintiff could not rely upon the Lanham Act

---

[87] *Id.* at *1–2.

[88] *Id.* at *6.

[89] Rec. Doc. 1 at pp. 8–9.

[90] 524 F.2d 968 (5th Cir. 1975).

[91] *Id.* at 969.

[92] *Id.*

for subject matter jurisdiction because there was no federal claim of infringement at issue before the Patent and Trademark Office and because the Declaratory Judgment Act does not independently confer jurisdiction, the Circuit held that there was no actual controversy before the district court.[93] Similarly, simply filing a petition before the TTAB does not automatically create a case or controversy in the case pending before this Court. Therefore, SnoWizard's assertion that the filing of a petition for cancellation before the TTAB alone creates a case or controversy is incorrect.

Snow Ball's Chance argues that the TTAB proceedings do not create a case or controversy because Snow Ball's Chance has not brought a claim of infringement against SnoWizard in the proceedings before the TTAB.[94] Although Snow Ball's Chance indirectly implies that SnoWizard may want to rely upon *Goya Foods, Inc. v. Tropicana Products*, it asserts that it is distinguishable from this case.[95] Snow Ball's Chance contends that the Second Circuit in *Goya Foods, Inc.* found that there was a case or controversy in the district court because the defendant had accused the plaintiff of trademark infringement before the TTAB.[96]

In *Goya Foods, Inc.*, the district court dismissed the complaint for lack of a justiciable controversy because the "the pending registration opposition proceeding did not, without more, give rise to an 'actual controversy' between the parties."[97] The district court denied plaintiff's motion for leave to amend its complaint in order to add a claim that it was not infringing on defendant's

---

[93] *Id.*

[94] Rec. Doc. 20.

[95] *Id.*

[96] *Id.*

[97] *Goya Foods, Inc.*, 846 F.2d at 850.

trademarks.[98] The Second Circuit did not even address whether the plaintiff had presented a case or controversy. The Second Circuit held that it "need not determine whether the original complaint stated a claim" because it found that the district court had improperly relied upon the pendency of the TTAB proceedings as a basis for denying the plaintiff leave to amend its complaint.[99] The opinion stated that the "narrow issue presented is whether the pendency of the registration proceeding before the TTAB was an appropriate basis for the denial of Goya's motion to amend its complaint seeking primarily a declaration of non-infringement."[100] The court reasoned that it was improper for the district court to invoke primary jurisdiction based on the proceedings pending before the TTAB.[101] Therefore, the Court finds that the cited case is not relevant to a determination of whether SnoWizard has presented a justiciable claim.

Accordingly, the Court finds that SnoWizard has not presented an actual case or controversy in its claims for declaratory judgment and therefore, the Court lacks subject matter jurisdiction over SnoWizard's declaratory judgment action.

### 2.      Whether the Court Has the Authority to Grant Declaratory Relief

Neither party addresses the Court's authority to grant the declaratory relief requested. However, because SnoWizard has failed to state a justiciable claim, the Court need not address this

---

[98] *Id.* at 850–51.

[99] *Id.* at 850.

[100] *Id.* at 851.

[101] *Id.* at 850–51.

issue.[102]

### 3.    Whether the Court Should Exercise its Discretion to Dismiss the Case

Now, assuming SnoWizard has presented a justiciable issue and the court has jurisdiction over those claims, the Court will address the parties' alternative arguments regarding whether the Court should exercise its discretion under the Declaratory Judgment Act to dismiss the case.

Snow Ball's Chance argues that discretionary dismissal in this case is warranted in light of the proceedings pending before the TTAB.[103] On the other hand, SnoWizard contends that none of the factors identified by the Fifth Circuit in *Sherwin-Williams Co. v. Holmes County* as factors to inform the decision to decide or dismiss a declaratory judgment action support dismissal in this case.[104]

The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant."[105] "[T]he Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[106] Although the district court's discretion is broad, it is not unfettered and courts may not dismiss requests "on the basis of whim or personal disinclination."[107] The Fifth Circuit has

---

[102] *See Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000) (holding that the district court had erred in moving beyond the first step of the inquiry because the declaratory judgment action was not justiciable).

[103] Rec. Doc. 8-1 at p. 7.

[104] Rec. Doc. 14 at p. 10.

[105] *Wilton v. Seven Falls, Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 34 U.S. 237 (1952).

[106] *Id.*

[107] *Travelers Ins. Co.*, 996 F.2d at 778.

identified seven nonexclusive factors for district courts to consider in determining whether to decide or dismiss a declaratory action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[108]

The Court will address each of these factors in turn.

### 1.   *Pending State Action*

SnoWizard argues that the first factor weighs in favor of the Court deciding the case because there is no pending state action, only the cancellation proceedings in the TTAB, "to which this Court owes no deference."[109] In support, SnoWizard cites *Rhoades v. Avon Products, Inc.,*[110] a Ninth Circuit case discussing the application of the doctrine of "primary jurisdiction" to pending TTAB proceedings.[111] In *Rhoades*, the defendant had filed proceedings before the TTAB opposing plaintiff's trademark registration applications.[112] While those proceedings were pending, the plaintiff filed a complaint in the district court, seeking declaratory judgment that its trademark applications

---

[108] *Sherwin-Williams Co.*, 343 F.3d at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)).

[109] Rec. Doc. 14 at p. 10.

[110] 504 F.3d 1151 (9th Cir. 2007).

[111] Rec. Doc. 14 at p. 10.

[112] 504 F.3d at 1155.

did not infringe upon defendant's trademarks.[113] The district court dismissed the case for lack of subject matter jurisdiction and stated that it was deciding not to exercise its jurisdiction on the grounds that the complaint "should be back where it belongs [before the TTAB]."[114] The Ninth Circuit defined primary jurisdiction as follows: "[w]hen there is a basis for judicial action, independent of agency proceedings, courts may route the threshold decision as to certain issues to the agency charged with primary responsibility for governmental supervision or control of the particular industry or activity involved."[115] In *Rhoades*, the court held that the district court had erred in declining to exercise its jurisdiction by invoking primary jurisdiction.[116] The court found that because "Congress has not installed the [Patent and Trademark Office] as the exclusive expert in the field," "although the TTAB provides a forum to address trademark registration issues, the availability of such a forum does not justify the application of the doctrine of primary jurisdiction as a basis for dismissing Plaintiffs' federal court action."[117] Considering *Rhoades*, the Court will not decline to exercise jurisdiction simply because a claim was first filed before the TTAB.

In its prior judgment, the Court addressed the validity and enforceability of the trademarks at issue here. However, the Lanham Act specifically provides that parties may assert that a registered mark has become the generic name for a good or service, is functional, or the registration was obtained fraudulently. A party may therefore challenge a trademark, even after it has been

---

[113] *Id.* at 1156.

[114] *Id.* at 1162.

[115] *Id.* (citing *United States v. Culliton*, 328 F.3d 1074, 1081 (9th Cir. 2003)).

[116] *Id.* at 1162.

[117] *Id.* at 1154, 1164.

adjudicated to be valid (as was the case here) by claiming a change in circumstances.

According to SnoWizard's briefing before this Court, before the TTAB Snow Ball's Chance seeks the cancellation of the registration of SnoWizard's trademarks for "CAJUN RED HOT" and "WHITE CHOCOLATE & CHIPS," on the grounds that the trademarks are generic, merely descriptive, functional, and were obtained by fraud.[118] Here, SnoWizard seeks a declaratory judgment, *inter alia*, affirming this Court's prior order, and declaring that SnoWizard "continues to own a valid and enforceable federally registered trademark in 'CAJUN RED HOT®' and 'WHITE CHOCOLATE & CHIPS®.'"[119] SnoWizard is not asking this Court to decide the same issues as those before the TTAB or to relitigate whether the trademarks are valid, however. SnoWizard wants this Court to declare that the marks "continue" to be valid pursuant to the doctrine of *res judicata* and to enjoin the TTAB from proceeding.[120] Therefore, this case is distinguishable from *Rhoades* where the district court invoked primary jurisdiction and declined to hear a case simply because it was presented to the TTAB first. Accordingly, the Court finds that this factor weighs in favor of dismissal.

### 2.    *Filing Suit in Anticipation of a Lawsuit Filed by the Defendant*

SnoWizard asserts that the second factor, whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, weighs in favor of the Court deciding this case because SnoWizard filed this case "not only in anticipation of further litigation it fully expects [Snow Ball's Chance] to

---

[118] Rec. Doc. 1 at p. 7

[119] *Id.* at p. 18.

[120] *Id.*

22

file once the TTAB were to rule on its petitions for cancellation, but also in response to [Snow Ball's Chance's] actual petitions for cancellation themselves, in which [Snow Ball's Chance] openly expressed its intentions to resume infringement of SnoWizard's Marks . . . ."[121] This suit was filed in response to proceedings filed before the TTAB. Accordingly, the Court finds that this factor does not weigh in favor of dismissal.

### 3.   Forum Shopping

Considering the third factor, SnoWizard asserts that it has not engaged in "forum shopping," but rather filed this suit in the same court which rendered the Judgment on Jury Verdict regarding the trademarks at issue in the cancellation proceedings before the TTAB.[122] Snow Ball's Chance argues that "SnoWizard is attempting to involve this District Court in exactly the circumvention, premature adjudication, entangling, and interference [with administrative determinations and policies] that the caselaw teaches against."[123]

Concerns about forum-shopping and suits filed in anticipation of litigation arise when the law to be applied varies based on the forum and there is evidence that the plaintiff seeks the forum for its more favorable law.[124] Here, Snow Ball's Chance contends that SnoWizard can make the same claims it asserts here before the TTAB, including its claim regarding the *res judicata* effect of the prior judgment.[125] Snow Ball's Chance has not argued that SnoWizard filed this suit to take

---

[121] Rec. Doc. 14 at p. 12.

[122] *Id.*

[123] Rec. Doc. 8-1 at p. 4.

[124] *Sherwin-Williams*, 343 F.3d at 399.

[125] Rec. Doc. 8-1 at p. 3.

advantage of a difference in law or procedure in the district court. However, because SnoWizard invokes *res judicata* as a basis to circumvent a claim of whether SnoWizard "continues" to hold a valid and enforceable trademark and because its filing caused a stay of the TTAB proceedings, it appears it does seek some advantage by filing in this Court. Therefore, the Court finds that this factor appears to weigh in favor of dismissal.

### 4.       *Possible Inequities*

Turning to the fourth factor, SnoWizard contends that no inequities exist in bringing these issues to light in the Court which "rendered the Judgment and Order sought to be interpreted and enforced, and which ultimately will have the final say in the matter regardless of any ruling of the TTAB."[126] As noted above, however, the issues sought to be decided in each forum are not the same. The instant case has resulted in a stay of the proceedings before the TTAB, where the TTAB is being asked to adjudicate whether the trademarks are generic, merely descriptive, functional, or obtained by fraud. SnoWizard does not seek in this Court an "adjudication of the current validity" of the trademarks at issue, rather it seeks a declaratory judgment that the trademarks at issue "continue" to be valid based on the doctrine of *res judicata*. SnoWizard is trying to use this Court to circumvent the TTAB proceedings. SnoWizard has not asserted why it is unable to make its argument regarding the *res judicata* effect of this Court's prior judgment before the TTAB.

Furthermore, regardless of the *res judicata* effect of the prior judgment, as discussed above, 15 U.S.C. § 1064 specifically provides that parties may assert that a registered mark has become the generic name for a good or service, is functional, or the registration was obtained fraudulently. Even

---

[126] Rec. Doc. 14 at p. 12.

24

the same party may relitigate issues relating to validity of trademarks when there has been a change in circumstances.[127] Whether there has been a change in circumstances since the marks were decided valid is not an issue before this Court. Accordingly, a declaratory judgment by this Court will not necessarily be dispositive of the issues before the TTAB. Therefore, the Court finds that the inequities of permitting SnoWizard to delay an actual adjudication of its trademarks, if the TTAB were to find such an adjudication to be proper, weighs in favor of dismissal.

### 5.    *Convenient Forum*

SnoWizard asserts that each of the parties resides and conducts business in New Orleans.[128] The Court acknowledges that this factor weighs in favor of the Court exercising jurisdiction in this case.

### 6.    *Judicial Economy*

SnoWizard also contends that judicial economy will be served by the Court deciding this case.[129] SnoWizard argues that retaining the lawsuit "would serve the purposes of judicial economy by avoiding duplicative decisions on the same issues in the TTAB and then in a subsequent *de novo* appeal in this Court."[130] As discussed above, however, the issues sought to be decided in each forum are not the same and the relief SnoWizard seeks through declaratory judgment by this Court will not necessarily be dispositive of the issues before the TTAB. Therefore, the Court finds that judicial economy also weighs in favor of dismissal.

---

[127] *See Texas Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc.*, 951 F.2d 684, 691 (5th Cir. 1992).

[128] Rec. Doc. 14 at p. 12.

[129] *Id.*

[130] *Id.* (citing *PHC, Inc. v. Pioneer Healthcare*, 75 F.3d 75, 80 (1st Cir. 1996)).

### 7.     Construction of a State Judicial Decree

The seventh factor, whether the Court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending, is not applicable in this case. Therefore, this factor is neutral.

### 8.     Conclusion

As discussed above, four factors weigh in favor of dismissal, two factors weigh in favor of the Court exercising its jurisdiction to hear the case, and one factor is neutral. Weighing all of the factors, the Court determines that an exercise of its discretion to dismiss the declaratory judgment action is proper in this case.

## C.     Ancillary Jurisdiction

The Court will now consider SnoWizard's second argument that the Court can grant the relief SnoWizard seeks through an exercise of its ancillary jurisdiction. SnoWizard asserts that the Court has ancillary jurisdiction over its claims because a court may "interpret and enforce its own prior Judgment on Jury Verdict rendered in the Consolidated Cases."[131] SnoWizard contends that the effect of Snow Ball's Chance's petitions for cancellation in the TTAB would be to "effectively nullify" the Judgment on Jury Verdict which declared that SnoWizard's registrations of the marks are valid and enforceable.[132] Furthermore, SnoWizard argues that "in the event the TTAB were to grant [Snow Ball's Chance's] petition and cancel SnoWizard's registration of the Marks, and if [Snow Ball's Chance] then were to attempt to use the Marks on or in connection with its snowball

---

[131] Rec. Doc. 14 at p. 4.

[132] Rec. Doc. 14 at p. 5.

flavorings . . . then arguably Snow Ball's Chance would be in violation of this Court's Order dated April 24, 2014 in the Consolidated Cases enjoining Southern Snow, Snow Ingredients, '*and those persons in active concert or participation with them* . . . ' from using the Marks . . . ."[133]

Ancillary enforcement jurisdiction is a creature of necessity.[134] The Supreme Court has found that ancillary jurisdiction is generally proper in two contexts: (1) "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent" and (2) "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."[135] A district court can exercise ancillary jurisdiction in order "to secure or preserve the fruits and advantages of a judgment or decree rendered" by that court.[136] However, this jurisdiction is limited to cases involving "attempts to execute, or to guarantee eventual executability of, a federal judgment."[137] The Fifth Circuit has found ancillary jurisdiction appropriate where "the effect of an action filed in state court would 'effectively nullif[y]' the judgment of a prior federal action."[138] As the party asserting jurisdiction, SnoWizard has the burden of demonstrating that the Court has ancillary jurisdiction over these claims.[139]

The Judgment on Jury Verdict states that SnoWizard "owns a valid and enforceable federally

---

[133] *Id.* (citing *S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc. et al,* Case No. 06-9170, Rec. Doc. 732).

[134] *Peacock v. Thomas*, 516 U.S. 349, 359 (1996) (citing *Kokkonen*, 511 U.S. at 380).

[135] *Kokkonen*, 511 U.S. at 379–80 (citations omitted).

[136] *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934).

[137] *Peacock,* 516 U.S. at 358.

[138] *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1292 (5th Cir. 1992).

[139] *Peacock*, 516 U.S. at 354–55 (citing *Kokkonen*, 511 U.S. at 377).

registered trademark" in both "CAJUN RED HOT" and "WHITE CHOCOLATE & CHIPS."[140] The Judgment on Jury Verdict also states that "judgment is rendered against plaintiffs Plum Street Snoballs and Van's Snowballs on their claim against defendant SnoWizard, Inc. . . . for invalidity and unenforceability of the registered trademark WHITE CHOCOLATE & CHIPS . . . ."[141] The cancellation proceedings filed by Snow Ball's Chance seek to cancel these registrations on the grounds that the names "CAJUN RED HOT" and "WHITE CHOCOLATE & CHIPS" are generic, merely descriptive, functional, and that the registrations were obtained by fraud.[142]

Pursuant to the Lanham Act, 15 U.S.C. § 1064, any person who believes that he is or will be damaged by the registration of a mark may petition to cancel a registration of a mark "[a]t any time if the registered mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered, or is functional, or has been abandoned, or its registration was obtained fraudulently . . . ."[143] Snow Ball's Chance's claim before the TTAB is not that a term previously adjudicated to be generic has attained protectable status, but rather that SnoWizard's federally registered trademarks are generic, merely descriptive, functional, and were obtained by fraud.[144]

The Fifth Circuit has allowed parties to relitigate issues relating to validity of trademarks when there has been a change in circumstances. In *Texas Pig Stands, Inc. v. Hard Rock Cafe*

---

[140] *S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc. et al,* Case No. 06-9170, Rec. Doc. 665 at pp. 7–8.

[141] *Id.* at p. 5.

[142] Rec. Docs. 1-4; 1-5.

[143] 15 U.S.C. § 1064(3).

[144] Rec. Docs. 1-4; 1-5.

*International, Inc.*,[145] there was a previous judgment where the court held that the term "pig sandwich" was a descriptive term that had not acquired a secondary meaning.[146] Sixty years after the judgment, the original plaintiff's successor filed suit, attempting to relitigate whether there was a valid trademark for the term "pig sandwich."[147] On appeal, the Fifth Circuit held that, although plaintiff would be barred by collateral estoppel from arguing that the term "pig sandwich" was no longer generic because generic terms can never attain trademark protection, plaintiff was not barred by collateral estoppel from arguing that the term "pig sandwich" had attained protectable status as a descriptive term with a secondary meaning.[148] The Fifth Circuit held that there had been a factual change in circumstances in the sixty years since the original judgment which made collateral estoppel inapplicable.[149]

In the proceedings before the TTAB, Snow Ball's Chance seeks to cancel two trademarks, which the jury in the previous litigation found to be valid and enforceable federally registered trademarks, upon the grounds that they are generic, merely descriptive, functional, and obtained by fraud. Because the Lanham Act allows for parties to petition for cancellation of trademarks due to a change in circumstances, a judgment by the TTAB canceling the marks upon a finding that the registered mark has become generic, is functional, or its registration was obtained fraudulently would not "effectively nullify" this Court's judgment.

---

[145] 951 F.2d 684 (5th Cir. 1992).

[146] *Id.* at 691.

[147] *Id.* at 688–691.

[148] *Id.* at 691.

[149] *Id.*

29

In support of its position that this Court should exercise its ancillary jurisdiction and hear its claims, SnoWizard cites *Royal Insurance Company of America v. Quinn-L Capital Corporation*.[150] In that case, there was a prior judgment in a federal declaratory action holding that Royal Insurance had no duty to defend or indemnify Quinn-L for any claims.[151] When claims based on the same events and conduct at issue in the first action were subsequently brought in state court, Royal Insurance first sought a declaratory judgment from the federal court stating that it had no duty to defend or indemnify Quinn-L in the state court action.[152] Royal Insurance then requested a preliminary injunction to enjoin the state court litigation, which was granted.[153] On a second appeal after a prior remand, the Fifth Circuit held that "the district court had ancillary jurisdiction to issue an anti-suit injunction under the 'protect or effectuate its judgments' exception to the Anti-Injunction Act."[154] The Fifth Circuit further held, however, that the court did not have ancillary jurisdiction over any new claims brought in the second action as the jurisdiction "extends no further than the scope of the first judgment."[155]

The Court finds this case distinguishable from *Royal Insurance* with respect to the portion of the opinion that SnoWizard states is applicable here. As discussed above, if Snow Ball's Chance can show that there has been a change in circumstances rendering the trademarks generic or

---

[150] 960 F.2d 1286 (5th Cir. 1992).

[151] *Id.* at 1289–91.

[152] *Id.* The issue of justiciability under the Declaratory Judgment Act was not raised.

[153] *Id.*

[154] *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.,* 3 F.3d 877, 881 (5th Cir. 1993).

[155] *Id.* at 882.

functional, or that the trademarks were obtained by fraud, Snow Ball's Chance could relitigate these issues before the TTAB. These claims would be new claims extending beyond the scope of the first judgment.

SnoWizard also cites to *City of El Paso, Texas v. El Paso Entertainment, Inc.*, arguing that, in that case, the court held that it could exercise ancillary jurisdiction over a second declaratory judgment action in order to determine the rights of the parties pursuant to a prior federal court order.[156] In *El Paso Entertainment, Inc.*, the City of El Paso, Texas ("the City") and two businesses had previously entered into an agreed judgment in which the City agreed that it would not enforce certain ordinances against the businesses as long as they were in operation at their current locations by their current owners and operators.[157] Twelve years later, the City filed a declaratory judgment action asking the court to declare whether the judgment was still in effect, asserting that the original owner's sale of his stock constituted a change in owner and operators.[158] The Fifth Circuit held that the court had ancilliary jurisdiction over the case, noting that "a federal court has ancillary jurisdiction to interpret a prior federal court order where the effect of such an interpretation would, *inter alia*, nullify or prevent future enforcement of the original federal judgment."[159] SnoWizard argues that, unlike in *El Paso Entertainment, Inc.*, Snow Ball's Chance has "further escalated the controversy by filing an adversarial, offensive proceeding with the TTAB, alleging the identical

---

[156] Rec. Doc. 19 at p. 3.

[157] 382 F. App'x at 363.

[158] *Id.*

[159] *Id.* at 364 (citing *Peacock v. Thomas*, 516 U.S. 349, 357 (1996).

facts, arguments, and legal theories that were rejected by the jury in the Consolidated Cases."[160]

The Court finds *El Paso Entertainment, Inc.* distinguishable from this case. As discussed above, the cancellation of the trademarks before the TTAB on the grounds that there was a change in circumstances rendering the trademarks generic or functional, or that the trademarks were obtained by fraud would not "effectively nullify" this Court's judgment because the issues currently brought before the TTAB are permissible even where there exists a prior judgment.

Therefore, SnoWizard has not met its burden of establishing that the Court in this case has ancillary jurisdiction over its claims by a showing that the proceedings before the TTAB would "effectively nullify" this Court's prior judgments. Accordingly, the Court will not exercise ancillary jurisdiction over SnoWizard's claims.

## IV. Conclusion

In light of the foregoing, the Court concludes first that SnoWizard has failed to present a justiciable case under the Declaratory Judgment Act and therefore the Court lacks subject matter jurisdiction. Second, and in the alternative, should it later be determined a justiciable issue was presented, the Court exercises its discretion to decline to decide the case pursuant to the Declaratory Judgment Act. Third, the Court will not exercise ancillary jurisdiction over SnoWizard's claims for declaratory judgment. Because the Court grants Snow Ball's Chance's motion to dismiss for lack of subject matter jurisdiction, the Court need not reach Snow Ball's Chance's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or its motion to strike allegations under Federal Rule of Civil Procedure 12(f).

---

[160] Rec. Doc. 19 at p. 3.

Accordingly,

**IT IS ORDERED** that Defendant Snow Ball's Chance's "Motion to Dismiss and Strike Under Rule 12"[161] is **GRANTED IN PART AND DENIED AS MOOT IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that it moves to dismiss SnoWizard's claims under Federal Rule of Civil Procedure 12(b)(1).

**IT IS FURTHER ORDERED** that the motion is **DENIED AS MOOT** to the extent that it seeks to strike allegations in the complaint pursuant to Federal Rule of Civil Procedure 12(f).

**NEW ORLEANS, LOUISIANA**, this <u>24th</u> day of September, 2015.

                              *Nannette Jolivette Brown*

                              **NANNETTE JOLIVETTE BROWN**
                              **UNITED STATES DISTRICT JUDGE**

---

[161] Rec. Doc. 8.